UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:26-cv-2760

RAFAEL VILLALOBOS,
and other similarly-situated individuals,

Plaintiff(s),

v.

METROPOLITAN WAREHOUSE &
DELIVERY CORP.,
and SHARK AX GROUP LLC.,

Defendants.
_______________________________________/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff, RAFAEL VILLALOBOS, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants, METROPOLITAN WAREHOUSE & DELIVERY CORP., and SHARK AX GROUP, LLC., and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages and retaliation under laws of the United States. This Court

has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff, RAFAEL VILLALOBOS (hereinafter, "VILLALOBOS" or "Plaintiff"), is a resident of Hillsborough County, Florida, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant, METROPOLITAN WAREHOUSE & DELIVERY CORP. (hereinafter, "METROPOLITAN" or "Defendant"), is a Foreign Profit Corporation. Defendant has a place of business in Hillsborough County, Florida, within this Honorable Court's Jurisdiction. At all times material, Defendant METROPOLITAN was and is engaged in interstate commerce.

4. Defendant SHARK AX GROUP, LLC.. (hereinafter, "SHARK AX" or "Defendant"), is a Foreign Limited Liability Company. Defendant conducts business in Hillsborough County, Florida, within this Honorable Court's Jurisdiction. At all times material, Defendant SHARK AX was and is engaged in interstate commerce.

5. Plaintiff worked for both corporate Defendants, METROPOLITAN and SHARK AX (hereinafter, collectively as "Defendants"), and Defendants were Joint Employers or Plaintiff VILLALOBOS.

6. All the actions raised in this Complaint occurred in Hillsboro County, Florida, within this Honorable Court's jurisdiction.

Joint Employment

7. Defendants, METROPOLITAN and SHARK AX, were joint employers of Plaintiff because: 1) The corporate Defendants were equally responsible for the services provided by METROPOLITAN; 2) Defendants, METROPOLITAN and SHARK AX, had equal and absolute control over the schedule of Plaintiff and other employees similarly situated; 3) Defendants, through their management, jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly-situated; 4) The corporate Defendants had equal power to hire and to fire employees and had the arrangement to share employees; 5) Supervisors from METROPOLITAN and SHARK AX supervised Plaintiff's work; 6) Supervisors from METROPOLITAN and SHARK AX supervised schedules and time records of Plaintiff and other similarly situated individuals; 7) Plaintiff and other similarly-situated employees wore METROPOLITAN uniforms; and 8) Plaintiff and other similarly-situated employees used materials and supplies provided by both Defendants METROPOLITAN and SHARK AX.

8. Therefore, because Corporate Defendants METROPOLITAN and SHARK AX equally hired and fired employees, supervised and controlled Plaintiff's work schedules, maintained employment records of Plaintiff and other

similarly situated individuals, and because the work performed by Plaintiff and other similarly-situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants METROPOLITAN and SHARK AX are joint employers of Plaintiff VILLALOBOS within the meaning of the FLSA.

9. Defendants METROPOLITAN and SHARK AX are also the joint employers of Plaintiff and other similarly-situated employees under the FLSA's broad definition of "employer" (29 U.S.C. §203 (d)). Thus, they are jointly liable for the Plaintiff VILLALOBOS' damages.

10. Defendants METROPOLITAN and SHARK AX, are joint employers of Plaintiff VILLALOBOS. Hereinafter, Defendants METROPOLITAN and SHARK AX, shall be collectively referred to as "Defendants".

General Allegations

11. This cause of action is brought by Plaintiff VILLALOBOS as a collective action to recover from Defendants regular and overtime compensation, retaliatory constructive discharge damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly-situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours

during one or more weeks on or after September of 2023, (the "material time") without being adequately compensated.

12. Defendant METROPOLITAN is a national logistics provider specializing in white-glove furniture delivery and warehousing. Defendant METROPOLITAN operates nationwide, including operations in Hillsborough County, Florida.

13. Defendant SHARK AX operates as a contracted third-party carrier and delivery partner for Defendant METROPOLITAN. Defendant SHARK AX operates in Hillsborough County, Florida.

14. Defendant METROPOLITAN was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant METROPOLITAN is a national logistics company, specializing in white-glove furniture warehousing and effectuating deliveries across State lines. Defendant METROPOLITAN had more than two employees recurrently engaged in commerce or the production of goods for commerce; regularly and recurrently used the instrumentalities of interstate commerce; accepted and solicited funds from non-Florida sources; used electronic devices to authorize credit card transactions; ordered products and supplies produced out of State, etc. Upon information and belief, the annual gross

revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

15. Defendant SHARK AX also was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant SHARK AX is a contracted third-party carrier and delivery partner for Defendant METROPOLITAN, and operates as an interstate regional carrier. Defendant SHARK AX had more than two employees recurrently engaged in commerce or the production of goods for commerce; regularly and recurrently used the instrumentalities of interstate commerce; accepted and solicited funds from non-Florida sources; used electronic devices to authorize credit card transactions; ordered products and supplies produced out of State, etc. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage

16. Plaintiff and those similarly situated were employed by enterprises engaged in interstate commerce. The plaintiff was a warehouse worker and delivery assistant employee who handled and worked with goods and materials moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

17. Defendants METROPOLITAN and SHARK AX, employed Plaintiff VILLALOBOS as a non-exempt, full-time warehouse/delivery assistant employee from May 28th, 2026 through July 29th, 2026, or over 2 months. The relevant employment period under the FLSA consists of 9 weeks.

18. Plaintiff worked under the supervision of Defendant SHARK AX owners Annel and Julio Cortorreal, as well as under the supervision of Defendant METROPOLITAN's management, within the Defendant METROPOLITAN's warehouse and delivery operations.

19. During the relevant period, Plaintiff worked as a Warehouse Worker and Delivery Assistant employee, performing warehousing duties as well as assisting in effectuating white-glove furniture deliveries.

20. Plaintiff VILLALOBOS was paid a daily rate of $130 per day, and worked 6 days per week.

21. During his employment with the Defendants, Plaintiff worked six days per week, Monday through Saturday, from 6:00 AM to 8:00 PM, for a total of 14 hours per day, or 84 total hours per week. Accordingly, Plaintiff regularly worked a total of 44 hours of overtime per week.

22. During his employment, Plaintiff was not provided with a bona fide meal period.

23. Plaintiff VILLALOBOS was paid $130.00 per day, or $780.00 per week, which resulted in an hourly rate of $9.29. Accordingly, Plaintiff's overtime rate should have been $13.94, and his half-time rate should have been $4.65 per overtime hour.

24. Notwithstanding, Plaintiff was paid the same amount regardless of the number of hours worked. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours at the applicable overtime rate, as required by law.

25. Plaintiff is owed the half-time rate of $4.65 for approximately 44 hours per week, for a total of 9 weeks.

26. Plaintiff did not clock-in and out, and Defendants did not maintain a time-recording system in place for Plaintiff and other similarly-situated employees to accurately record their work hours. Notwithstanding, Plaintiff had a set schedule established by the Defendants, and Defendants controlled his schedule and activities. Thus, Defendants knew the number of hours that Plaintiff and other similarly-situated individuals were actually working.

27. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and one-half his regular rate, for every hour that he worked in

excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

28. Plaintiff was paid via Zelle, and without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

29. Plaintiff disagreed with his extended working hours and the lack of payment for overtime hours at the applicable overtime rate, and he expressed his concerns to the Defendants.

30. During the last week of his employment, Plaintiff complained to Defendants about not being properly compensated for overtime hours.

31. Due to Plaintiff's complaints about overtime wages, Defendants retaliated against Plaintiff by refusing to pay Plaintiff all outstanding overtime wages, and constructively discharged Plaintiff on July 29th, 2026.

32. At the time of his constructive discharge, Defendants refused to pay Plaintiff for his last 3 days of work, or a total of 42 hours.

33. Thus, a substantial number of hours were not compensated at any rate, not even the minimum wage rate established by the FLSA.

34. Therefore, Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

35. Additionally, Defendants unlawfully deducted $50.00 from each week Plaintiff worked in order to cover the possibility of "furniture damage". In total, Defendants unlawfully deducted $400.00 from Plaintiff's pay.

36. Plaintiff VILLALOBOS seeks to recover unpaid overtime wages for every hour worked over 40 during his employment, minimum wages, unlawful deductions, retaliatory discharge damages, liquidated damages, attorney's fees and costs, and any other relief as allowable by law.

Collective Action Allegations

37. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq*. ("the Act"). Section 216 (b) for jurisdictional placement).

38. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly-situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

39. This action is intended to include every warehouse worker/delivery assistant, and any other similarly-situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

40. Plaintiff VILLALOBOS re-adopts every factual allegation stated in paragraphs 1-39 above as if set out in full herein.

41. This action is brought by Plaintiff VILLALOBOS and those similarly situated to recover from his Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

42. Defendants METROPOLITAN and SHARK AX, employed Plaintiff VILLALOBOS as a non-exempt, full-time warehouse/delivery assistant employee from May 28th, 2026 through July 29th, 2026, or over 2 months. The relevant employment period under the FLSA consists of 9 weeks.

43. Plaintiff worked under the supervision of Defendant SHARK AX owners Annel and Julio Cortorreal, as well as under the supervision of Defendant METROPOLITAN's management, within the Defendant METROPOLITAN's warehouse and delivery operations.

44. During the relevant period, Plaintiff worked as a Warehouse Worker and Delivery Assistant employee, performing warehousing duties as well as assisting in effectuating white-glove furniture deliveries.

45. Plaintiff VILLALOBOS was paid a daily rate of $130 per day, and worked 6 days per week.

46. During his employment with the Defendants, Plaintiff worked six days per week, Monday through Saturday, from 6:00 AM to 8:00 PM, for a total of 14 hours per day, or 84 total hours per week. Accordingly, Plaintiff regularly worked a total of 44 hours of overtime per week.

47. During his employment, Plaintiff was not provided with a bona fide meal period.

48. Plaintiff VILLALOBOS was paid $130.00 per day, or $780.00 per week, which resulted in an hourly rate of $9.29. Accordingly, Plaintiff's overtime rate should have been $13.94, and his half-time rate should have been $4.65 per overtime hour.

49. Notwithstanding, Plaintiff was paid the same amount regardless of the number of hours worked. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours at the applicable overtime rate, as required by law.

50. Plaintiff is owed the half-time rate of $4.65 for approximately 44 hours per week, for a total of 9 weeks.

51. Plaintiff did not clock-in and out, and Defendants did not maintain a time-recording system in place for Plaintiff and other similarly-situated employees to accurately record their work hours. Notwithstanding, Plaintiff had a set schedule established by the Defendants, and Defendants controlled his schedule and activities. Thus, Defendants knew the number of hours that Plaintiff and other similarly-situated individuals were actually working.

52. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and one-half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

53. Plaintiff was paid via Zelle, and without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

54. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However,

Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

55. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

56. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

57. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his set work schedule and his knowledge of hours worked. Upon discovery, Plaintiff will amend his statement of claim if necessary.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Three-Thousand, Six-Hundred, Eighty-Two Dollars and 80/100 ($3,682.80)

b. <u>Calculation of such wages</u>:

Total period of employment: over 2 months
Relevant weeks of employment: 9 weeks
Total number of hours worked: 84 hours weekly
Unpaid O/T hours: 44 hours weekly
Pay Rate: $130.00 per day
Number of days worked: 6
Total Weekly compensation: $130.00 x 6 = $780.00 per week

Salary Basis Calculation: $780.00 ÷ 84 hrs. = $9.29
Hourly rate: $9.29 an hour x 1.5=$13.94 O/T rate
O/T rate: $13.94 an hour - $9.29 rate paid = $4.65 O/T difference
Half-time: $4.65 an hour

$4.65 x 44 OT hours x 9 weeks = $1,841.40
+ Liquidated Damages = $1,841.40

**TOTAL: $3,682.80**

c. Nature of wages (e.g., overtime or straight time):

This amount represents unpaid overtime wages at the half-time rate.[1]

58. The Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

59. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing to Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

60. Defendants METROPOLITAN and SHARK AX, willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

61. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff VILLALOBOS, and those similarly-situated, respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff VILLALOBOS and other similarly-situated individuals and against the Defendants, METROPOLITAN and SHARK AX, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff VILLALOBOS actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff VILLALOBOS demands a trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

62. Plaintiff VILLALOBOS re-adopts every factual allegation stated in paragraphs 1-39 of this Complaint as if set out in full herein.

63. Plaintiff brings this action to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

64. Defendants METROPOLITAN and SHARK AX, employed Plaintiff VILLALOBOS as a non-exempt, full-time warehouse/delivery assistant employee from May 28th, 2026 through July 29th, 2026, or over 2 months. The relevant employment period under the FLSA consists of 9 weeks.

65. Plaintiff had disagreed with his extended working hours and the lack of payment for overtime hours at the applicable overtime rate, and he expressed his concerns to the Defendants.

66. During the last week of his employment, Plaintiff complained to Defendants about not being properly compensated for overtime hours.

67. Due to Plaintiff's complaints about overtime wages, Defendants retaliated against Plaintiff by refusing to pay Plaintiff all outstanding overtime wages, and constructively discharged Plaintiff on July 29th, 2026.

68. At the time of his constructive discharge, Defendants refused to pay Plaintiff for his last 3 days of work, or a total of 42 hours.

69. Thus, a substantial number of hours were not compensated at any rate, not even the minimum wage rate established by the FLSA.

70. Therefore, Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

71. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals.

72. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

73. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

74. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

a. <u>Total amount of alleged unpaid wages</u>:

Six-Hundred, Nine Dollars and 50/100 ($609.00)

b. Calculation of such wages:

Total period of employment: over 2 months
Total number of unpaid weeks: 1 week
Total number of unpaid hours: 42 hours
Regular rate: $130.00 per day
Federal Minimum wage: $7.25

$7.25 x 42 hours = $304.50
+ liquidated damages - $304.50

**TOTAL = $609.00**

c. Nature of wages:

This amount represents regular unpaid wages at the federal minimum wage rate.[2]

75. Defendants METROPOLITAN and SHARK AX, unlawfully failed to pay Plaintiff minimum wages.

76. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remained owing Plaintiff these minimum wages.

77. Defendants METROPOLITAN and SHARK AX, willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the

[2]At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

United States and remain owing Plaintiff these minimum wages as set forth above.

78. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 USC § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## Prayer for Relief

Wherefore, Plaintiff VILLALOBOS respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants METROPOLITAN and SHARK AX, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff VILLALOBOS an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff VILLALOBOS and those similarly-situated demand trial by a jury of all issues triable as a right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE DISCHARGE; AGAINST ALL DEFENDANTS**

79. Plaintiff VILLALOBOS re-adopts every factual allegation stated in paragraphs 1-39 of this Complaint as if set out in full herein.
80. Defendant METROPOLITAN was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).
81. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.
82. 29 USC § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].
83. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"
84. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee

because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

85. Defendants METROPOLITAN and SHARK AX, employed Plaintiff VILLALOBOS as a non-exempt, full-time warehouse/delivery assistant employee from May 28th, 2026 through July 29th, 2026, or over 2 months. The relevant employment period under the FLSA consists of 9 weeks.

86. Plaintiff had disagreed with his extended working hours and the lack of payment for overtime hours at the applicable overtime rate, and he expressed his concerns to the Defendants.

87. During the last week of his employment, Plaintiff complained to Defendants about not being properly compensated for overtime hours.

88. These complaints constituted statutorily protected activity under the FLSA.

89. Due to Plaintiff's complaints about overtime wages, Defendants retaliated against Plaintiff by refusing to pay Plaintiff all outstanding overtime wages, and constructively discharged Plaintiff on July 29th, 2026.

90. At the time of his constructive discharge, Defendants refused to pay Plaintiff for his last 3 days of work, or a total of 42 hours.

91. Given the intolerable working conditions created by the Defendants, Plaintiff was forced to resign on July 29th, 2026. This constructive discharge constitutes an adverse employment action.

92. As a direct and proximate result of Defendants' retaliatory constructive discharge, Plaintiff has suffered lost wages, emotional distress, and other damages.

93. Plaintiff is entitled to all remedies available under the FLSA, including back pay, front pay, liquidated damages, attorneys' fees, and costs.

94. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than unlawful retaliatory employment practices to constructively discharge Plaintiff.

95. There is close temporal proximity between Plaintiff's protected activity and his retaliatory constructive discharge.

96. As described above, the motivating factor that caused Plaintiff's discharge was his complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been constructively discharged but for his complaints about unpaid overtime wages.

97. Defendants' discharge of Plaintiff was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiff has been damaged.

98. Plaintiff VILLALOBOS has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer For Relief

Wherefore, Plaintiff VILLALOBOS respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants METROPOLITAN and SHARK AX, that Plaintiff VILLALOBOS recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants METROPOLITAN, ALEXIS and CHALA CORNELL, to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff VILLALOBOS further prays for such additional relief as the interests of justice may require.

Demand for a Jury Trial

Plaintiff VILLALOBOS demands a trial by a jury of all issues triable as a matter of right.

Dated: September 18th, 2026

Respectfully submitted,

By: _*/s/ Alexis Mena-Glasgow*_
**Alexis Mena-Glasgow**
SIMPSON & MENA, P.A.
Florida Bar No.: 117839
2250 SW Third Avenue, Suite 501
Miami, FL 33129
Telephone: (305) 912-7665
alexis@simpsonmenalaw.com
*Attorney for Plaintiff*